O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| SERGIO GARCIA,<br><br>               Plaintiff,<br><br>      v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>           Defendant. | Case No. EDCV 17-00391-JDE<br><br>MEMORANDUM OPINION AND<br>ORDER |

Plaintiff Sergio Garcia ("Plaintiff") filed a Complaint on March 1, 2017, seeking review of the denial of his application for disability insurance benefits ("DIB") by the Commissioner of Social Security ("Commissioner" or "Defendant"). Dkt. No. 1. The parties filed consents to proceed before the undersigned Magistrate Judge. Dkt. Nos. 11, 13. In accordance with the Court's Order Re: Procedures in Social Security Appeal (Dkt. No. 12), the parties filed a Joint Stipulation on January 16, 2018, addressing their respective positions. Dkt. No. 20 ("Jt. Stip."). The Court has taken the Joint Stipulation under submission without oral argument and as such, this matter now is ready for decision.

# I.

## BACKGROUND

On June 23, 2014, Plaintiff applied for DIB alleging disability beginning September 1, 2013. Administrative Record ("AR") 334-36. After his applications were denied initially and upon reconsideration, Plaintiff requested an administrative hearing. AR 211-14, 217-19, 221-22. Plaintiff, represented by counsel, appeared and testified at a hearing before an Administrative Law Judge ("ALJ") on September 2, 2015 (AR 143-82), as well as at supplemental hearings on February 1 and August 8, 2016. AR 42-68, 69-142.

On September 2, 2016, the ALJ issued a written decision finding Plaintiff was not disabled. AR 17-41. The ALJ found that Plaintiff had not engaged in substantial gainful activity since September 1, 2013 and suffered from the following severe impairments: osteoarthritis, sleep disorder, affective disorder, and anxiety disorder. AR 22. The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment and had the residual functional capacity ("RFC") to perform light work, with the following limitations: Plaintiff could "only occasionally climb ladders/ropes/scaffolding; occasionally perform overhead reaching; perform simple, repetitive tasks; no contact with the public with occasional contact with coworkers and supervisors." AR 23-24. The ALJ found that Plaintiff was incapable of performing his past relevant work as an infantry crew member, heavy truck driver, or signalman. AR 33. The ALJ determined Plaintiff was capable of performing the following jobs that exist in significant numbers in the national economy: housekeeper/cleaner (Dictionary of Occupational Titles ("DOT") 823.687-014), assembler (DOT 729.687-010), conductor (DOT 726.687-030), and touch-up screener (DOT 726.684-110). AR 34. The ALJ concluded that Plaintiff was not disabled from the alleged onset date through the date of the decision. AR 35.

Plaintiff filed a request with the Appeals Council for review of the ALJ's decision. AR 13-14. On January 3, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6. This action followed.

## II.

## LEGAL STANDARDS

### A. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review a decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). The standard of review of a decision by an ALJ is "highly deferential." Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1002 (9th Cir. 2015) (citation omitted). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."). However, a court may review only the reasons stated by the ALJ in

his decision "and may not affirm the ALJ on a ground upon which he did not rely." <u>Orn v. Astrue</u>, 495 F.3d 625, 630 (9th Cir. 2007).

Lastly, even when the ALJ commits legal error, the Court upholds the decision where that error is harmless. <u>Molina</u>, 674 F.3d at 1115. An error is harmless if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." <u>Brown-Hunter</u>, 806 F.3d at 492 (citation omitted).

## B. <u>Standard for Determining Disability Benefits</u>

When the claimant's case has proceeded to consideration by an ALJ, the ALJ conducts a five-step sequential evaluation to determine at each step if the claimant is or is not disabled. <u>See</u> <u>Molina</u>, 674 F.3d at 1110 (citing, <u>inter alia</u>, 20 C.F.R. §§ 404.1520(a), 416.920(a)). First, the ALJ considers whether the claimant currently performs "substantial gainful activity." <u>Id.</u> If not, the ALJ proceeds to a second step to determine if the claimant has a "severe" medically determinable physical or mental impairment or combination of impairments that has lasted for more than 12 months. <u>Id.</u> If so, the ALJ proceeds to a third step to determine if the claimant's impairments render the claimant disabled because they "meet or equal" any of the "listed impairments" set forth in the Social Security regulations. <u>See</u> <u>Rounds</u>, 807 F.3d at 1001. If the claimant's impairments do not meet or equal a "listed impairment," before proceeding to the fourth step, the ALJ assesses the claimant's RFC, that is, what the claimant can do on a sustained basis despite the limitations from her impairments. <u>See</u> 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Social Security Ruling ("SSR") 96-8p. After determining the claimant's RFC, the ALJ proceeds to the fourth step and determines whether the claimant has the RFC to perform her past relevant work, either as she performed it when she worked in the past, or as that same job is generally performed in the national economy. <u>See</u> <u>Stacy v.</u>

4

Colvin, 825 F.3d 563, 569 (9th Cir. 2016) (citing, inter alia, SSR 82-61); see also 20 C.F.R. §§ 404.1560(b), 416.960(b).

If the claimant cannot perform her past relevant work, the ALJ proceeds to a fifth and final step to determine whether there is any other work, in light of the claimant's RFC, age, education, and work experience, that the claimant can perform and that exists in "significant numbers" in either the national or regional economies. See 20 C.F.R. §§ 404.1520(g), 416.920(g); Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999). If the claimant can do other work, she is not disabled; if the claimant cannot do other work and meets the duration requirement, the claimant is disabled. See id. at 1099 (citing 20 C.F.R. § 404.1560(b)(3)); see also 20 C.F.R. § 416.960(b)(3).

The claimant generally bears the burden at each of steps one through four to show that she is disabled or that she meets the requirements to proceed to the next step; the claimant bears the ultimate burden to show that she is disabled. See, e.g., Molina, 674 F.3d at 1110; Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). However, if the analysis reaches step five, at step five the ALJ has a "limited" burden of production to identify representative jobs that the claimant can perform and that exist in "significant" numbers in the economy. See 20 C.F.R. §§ 404.1560(c)(1)-(2), 416.960(c)(1)-(2); Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Tackett, 180 F.3d at 1100.

### III.

### DISCUSSION

The parties present one issue: "[w]hether the ALJ properly considered the opinions of [examining physicians] Drs. Sabourin and Schweller." Jt. Stip. at 4. Plaintiff contends that the ALJ failed to account for limitations assessed by Plaintiff's examining physicians with respect to reaching. Jt. Stip. at 6-8. The Commissioner argues that the ALJ appropriately incorporated the phrases offered by multiple physicians in assessing the RFC. Jt. Stip. at 9-13.

## A. Applicable Law

Three types of doctors may offer opinions in Social Security cases: (1) those who treated the plaintiff; (2) those who examined but did not treat the plaintiff; and (3) those who did neither. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Treating doctors' opinions are generally given more weight than those of examining doctors, and examining doctors' opinions generally receive more weight than those of non-examining doctors. Id. Treating doctors' opinions receive greater weight because they are employed to cure and have more opportunity to know and observe patients as individuals. See Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Id. However, "[t]he ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted." Id. An "ALJ need not accept the opinion of any physician . . . if that opinion is brief, conclusory, and inadequately supported by clinical findings." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). To reject the un-contradicted opinion of a treating doctor, the ALJ must provide "clear and convincing reasons that are supported by substantial evidence." Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). Where a treating doctor's opinion is contradicted, the "ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." Id.

An ALJ need not recite "magic words" to reject a treating physician's opinion; the court may draw "specific and legitimate inferences" from the ALJ's opinion. Magallanes, 881 F.2d at 755. "[I]n interpreting the evidence and developing the record, the ALJ does not need to 'discuss every piece of evidence.'" Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (quoting Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998)).

**B. <u>Analysis</u>**

At issue is whether the RFC determined by the ALJ properly reflects the limitations assessed by examining physicians, Drs. Sabourin and Schweller. Plaintiff's RFC, as determined by the ALJ, limited Plaintiff to "occasionally perform[ing] overhead reaching." AR 24. Dr. Sabourin, a consultative doctor, opined that Plaintiff could only occasionally work with arms above shoulder level. AR 1113. Dr. Schweller, also a consultative doctor, opined that Plaintiff "should avoid above eye-level reaching." AR 1126. The ALJ accorded these opinions "significant weight."[1] AR 28, 29.

Plaintiff contends that the RFC deviates from the opinions of Drs. Sabourin and Schweller. Jt. Stip. at 6. Specifically, Plaintiff takes issue with an asserted failure to recognize the "difference between a restriction to occasional overhead reaching, as assessed by the ALJ; a restriction to occasional above shoulder level reaching, as assessed by Dr. Sabourin; and a restriction to no above-eye-level reaching, as assessed by Dr. Schweller." <u>Id.</u> Plaintiff argues that the ALJ's RFC functionally rejected the opinions of both physicians as the ALJ did not offer an explanation for failing to adopt a reaching limitation at the shoulder or eye levels. <u>See id.</u> at 8. The Commissioner argues that Plaintiff misstates the opinion of Dr. Schweller and that the ALJ appropriately translated the various similar opinions offered by different physicians into a concrete RFC. <u>Id.</u> 9-14. The Court agrees with the Commissioner.

As a preliminary matter, the Court views the issue Plaintiff raises here as one that he arguably waived for failing to raise it during the course of three administrative hearings. On September 2, 2015, the ALJ posed a hypothetical to a Vocational Expert ("VE") asking whether there was work in the national

_____

[1] Though some of Dr. Sabourin's opinion was given "less" and "partial" weight, the portion relating to reaching limitations was accorded "significant" weight. AR 28.

economy for someone with Plaintiff's age, education, and experience, along with certain limitations, inter alia, a limitation that Plaintiff could only occasionally engage in overhead reaching. AR 179. On February 6 and August 8, 2016, the ALJ posed hypotheticals to the VE that included the same limitation with respect to reaching. AR 65, 111. Over the course of three separate hearings, the ALJ asked whether Plaintiff's counsel wished to ask any questions of the VE. AR 67, 113, 180. Each time, counsel declined. Id. "[A]t least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." Shaibi v. Berryhill, 870 F.3d 874, 881 (9th Cir. 2017) (quoting Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999) (as amended)). While it is true that a claimant's failure to raise a conflict between VE testimony and the DOT during the administrative hearing does not constitute a waiver, see Lamear v. Berryhill, 865 F.3d 1201, 1206 (9th Cir. 2017), that is not the case here.

The Court nonetheless declines to decide the issue of waiver. Instead, the Court finds that the ALJ appropriately interpreted the opinions of the examining physicians in formulating the RFC. The ALJ is required to consider all medical opinion evidence and is responsible for resolving conflicts and ambiguities in the medical testimony. Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."). Here, the ALJ was presented with three slightly differently worded but functionally similar, if not identical, opinions relating to Plaintiff's reaching limitations. The ALJ considered the medical opinion evidence and translated them into a concrete RFC – precisely what he is required to do. See 20 C.F.R. § 416.920(e).

Plaintiff contends that the ALJ implicitly rejected the opinions of Drs. Sabourin and Schweller and, instead, impermissibly relied on the opinions of

two non-examining state physicians. Jt. Stip. at 8. The two non-examining state agency doctors found that Plaintiff could perform occasional overhead reaching bilaterally. AR 191, 204. These opinions were given "great weight." AR 30. However, the ALJ's decision does not state that the ALJ gave greater weight to the state agency doctors' opinions over those offered by Drs. Schweller and Sabourin with respect to the lifting restriction at issue. As the ALJ did not reject the state agency opinions, he of course was not required to articulate specific and legitimate reasons for doing so.

In parsing the phrases used by the various physicians, Plaintiff purports to create a conflict where none exists. Although Plaintiff asserts that other circuits distinguish between "overhead reaching" and "above the shoulder reaching" (Jt. Stip. at 6-7), the Ninth Circuit has recently decided two cases involving "reaching" assessments, and in both cases, the Ninth Circuit used the terms "overhead" and "above shoulder level" interchangeably in describing claimants' reaching limitations. See Lamear, 865 F.3d at 1205; see also Gutierrez v. Colvin, 844 F.3d 804, 807 (9th Cir. 2016). Other recent decisions from within this district similarly use the terms interchangeably. Ledesma v. Berryhill, SACV 16-882-AGR, 2017 WL 2347181, at *4 (C.D. Cal. May 30, 2017); Ibach v. Colvin, No. EDCV 15-2647-AJW, 2017 WL 651940, at *4-5 (C.D. Cal. Feb. 17, 2017) (analyzing claimant's above-the-shoulder reaching limitation from his RFC using the term "overhead"); Riad v. Colvin, No. EDCV 13-1720 RNB, 2014 WL 2938512, at * 5 (C.D. Cal. June 30, 2014) (noting "the Ninth Circuit supports the proposition that 'reaching' encompasses overhead or above-shoulder-reaching").

In addition, Plaintiff does not ever appear to assert what Plaintiff considers to be the appropriate limitation – above eye-level, or above shoulder-level. That failure may be because, as the Commissioner aptly notes, it is "hard to imagine how the small space between the shoulder, the eye, and the top of

the head could matter in the ultimate disability determination here[.]" Jt. Stip. at 9. "[T]he venerable maxim *de minimis non curat lex* ('the law cares not for trifles') is part of the established background of legal principles against which all enactments are adopted, and which all enactments (absent contrary indication) are deemed to accept." <u>Wisconsin Dep't of Revenue v. William Wrigley, Jr., Co.</u>, 505 U.S. 214, 231 (1992) (collecting cases); <u>see also</u> <u>Skaff v. Meridien North America Beverly Hills, LLC</u>, 506 F.3d 832, 839-840 (9th Cir. 2007). As Plaintiff does not even purport to specify what other limitation should apply, nor explain how a difference between a limitation involving occasional overheard versus occasion above eye-level or shoulder-level would affect the ultimate determination here, the Court, again noting that the Ninth Circuit uses the phrases above-the-shoulder and overhead interchangeably, finds the ALJ properly synthesized the various language used by various consulting doctors to properly assess Plaintiff's RFC.

## IV.

## ORDER

IT IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

Dated: February 13, 2018

_____
JOHN D. EARLY
United States Magistrate Judge

10